**MARK F. SELTZER & ASSOCIATES, P.C.**
BY: Benjamin D. Krone
1515 Market Street
Suite 1100
Philadelphia, PA 19102                    Attorney for Plaintiff
(215) 735-4222

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Steven DePaola<br>500 North Avenue, Apt. 18<br>Garwood, NJ 07027,<br><br>   Plaintiff<br><br>   v.<br><br>Sun Life Insurance and Annuity Company of<br>New York<br>One Sun Life Executive Park<br>Wellesley Park, MA 02481<br><br>   and<br><br>BGB Communications, LLC d/b/a BGB Group<br>462 Broadway, 6th Floor<br>New York, NY 10013<br><br>   Defendants | Civil Action No. |

**COMPLAINT**

  Plaintiff, Steven DePaola, residing at 500 North Avenue, Apt. 18, Garwold, NJ 07027, by way of Complaint against the Defendants, alleges as follows:

**I. Jurisdictional Statement:**

1. Steven DePaola's claim relates to an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The subject group long-term disability plan of BGB Communications, LLC, his

employer, constitutes a plan under ERISA. Plaintiff alleges that this Court's jurisdiction is additionally invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

2. Venue is proper under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because such action may be brought in the district where (1) the plan is administered, (2) where the breach took place, or (3) where a defendant resides or may be found.

3. At all times relevant, and for a period of time prior thereto, Mr. DePaola was an employee of BGB Communications, LLC, and as such, has standing to bring this action under ERISA, 29 U.S.C. § 1132(a). He is a vested "participant" in the group plan within the meaning of 29 U.S.C. §1002(7).

4. Venue is proper in the District of New Jersey. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

5. The plan was delivered in New York and claims to be subject to the laws of that jurisdiction.

6. Mr. DePaola has exhausted all administrative remedies under the plan claims procedure.

### III. The Parties:

7. Plaintiff, Steven DePaola (hereinafter "Mr. DePaola"), D.O.B. September 11, 1968, is an adult individual who is a citizen of the State of New Jersey, residing at 500 North Avenue, Apt. 18, Garwood, New Jersey 07027.

8. At all times relevant, Mr. DePaola had been employed by the policyholder, BGB Communications, LLC (hereinafter "BGB") as Finance Director.

9. BGB is a corporation organized and incorporated under the laws of the State of New York, with its principal place of business and headquarters located at 462 Broadway, 6th Floor, New York, New York 10013.

10. Sun Life Insurance and Annuity Company of New York is a wholly owned subsidiary of Sun Life Assurance Company of Canada (hereinafter "Sun Life"), a corporation organized and incorporated under the laws of the State of Delaware. At all times relevant hereto, Sun Life was conducting business throughout the United States and within the District of New Jersey, and was providing welfare benefits, including, but not limited to, disability insurance benefits payable under the plan.

11. At all times relevant, the plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to his employment, Mr. DePaola received coverage under the plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing plan.

12. At all times relevant, Sun Life was the fiduciary of the Group Term Insurance Plan (hereinafter "Group Plan") within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21)(A) in that Sun Life was appointed by the Plan Administrator as the "named fiduciary" and exercised authority and control over the payment of Long Term Disability (hereinafter "LTD") income benefits, which are assets under the plan. Sun Life is the "appropriate named fiduciary" of the Group Plan as described in 29 C.F.R. § 2560.503-1(g)(2), and therefore functioned as the Group Plan Administrator for claims procedure purposes.

## IV. The Policy:

13. On or about April 1, 2013, Sun Life issued Long-Term Disability (LTD) insurance coverage to BGB, Policy Number 811553-001. That policy provided income replacement of the lesser of 60% of an employee's pre-disability total monthly earnings to a maximum of $7,500.00 per month. The policy contained a 90-day elimination period and had a

maximum benefit duration to the Insured's Social Security Normal Retirement Age (SSNRA), or to age 65 if the disability commenced before age 60, whichever is longer. Mr. DePaola's SSNRA is age 67. **Attached as Plaintiff's Exhibit 1.**

14. As an active full-time employee of BGB on April 1, 2013, Mr. DePaola was eligible to participate in, and become covered by, the Sun Life issued and administered Group Term Insurance Policy, Policy Number 811553-001.

15. Mr. DePaola has standing to bring this action under ERISA, 29 U.S.C. § 1132(a). Mr. DePaola is a vested "participant" in the Group Plan within the meaning of 29 U.S.C. § 1002(2)(7).

16. According to the LTD terms of the Group Plan, an insured is eligible for total disability benefits for 24 months, if Sun Life determines that:

    - the Employee is not working or is earning less than 20% of his Indexed Total Monthly Earnings; and

    - during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation.

    - After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to qualify for this benefit if he is unable to perform with reasonable continuity any Gainful Occupation for which he is, or becomes, reasonably qualified for by education, training or experience.

17. Moreover, according to the LTD terms of the Group Plan, an insured is eligible for partial disability benefits, if Sun Life determines that:

- the Employee is working and has Disability Earnings of more than 20% but less than 80% of his Indexed Total Monthly Earnings; and

- during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation.

- After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to qualify for this benefit if he is unable to perform with reasonable continuity any Gainful Occupation for which he is, or becomes, reasonably qualified for by education, training or experience and has Disability Earnings of less than 60% of his Indexed Total Monthly Earnings.

**FAILURE TO PAY BENEFITS DUE UNDER GROUP LONG TERM DISABILITY PLAN**

**I. The Disability Claim – Medical History**

18. Mr. DePaola's severe ulcerative colitis had been in remission for seven (7) years until January of 2014 when he began suffering physical symptoms including pain with food consumption, inability to tolerate food and weight loss.

19. An MRI of Mr. DePaola's thoracic spine was performed on January 19, 2014 showing a small right paracentral disk herniation at T6/7 and moderate-sized left paracentral disk herniation at T12/11.

20. An MRI of Mr. DePaola's lumbar spine was performed on January 19, 2014 showing left foraminal lateral disc protrusion contacting the far lateral left L3 nerve root, status post left hemilaminotomy at L4-5, L4/L5 left foraminal shallow disc protrusion contacting the

left L4 foraminal nerve root and a partially complex 1.5 cm cyst arising medially from the right kidney in the right paraspinal muscle at the L1/L2 level.

21. On March 7, 2014, Mr. DePaola suffered a superior mesenteric artery aneurysm requiring surgical intervention.

22. Mr. DePaola was admitted to Lenox Hill Hospital in New York City on three separate occasions due to his symptoms; he was admitted from January 7, 2014 through January 9, 2014, from January 18, 2014 through January 30, 2014 and from March 17, 2014 through March 19, 2014.

23. On May 28, 2014, Mr. DePaola underwent a rheumatology evaluation by Dr. Olga Belostosky.

24. Dr. Belostosky noted that Mr. DePaola was experiencing shortness of breath on exertion after walking a single block, episodes of nausea and dizziness.

25. Dr. Belostosky's impression of Mr. DePaola's medical condition was significant for severe ulcerative colitis, recurrent pulmonary embolism in the context of circulating lupus anticoagulant, mesenteric artery aneurysms with upper mesenteric artery dissection, oligoarticular inflammatory arthritis (hips, knees, ankles), deconditioning and knee pains likely associated with pes planus.

## II. The Disability Claim – Claim for Benefits

26. The allegations contained in paragraphs 1 through 25 are incorporated herein by reference as if fully set forth herein.

27. Mr. DePaola's last day of work at BGB occurred on December 30, 2013.

28. By letter dated May 28, 2014, Sun Life acknowledged receipt of Mr. DePaola's claim for LTD benefits.

29. By letter dated September 26, 2014, Sun Life notified Mr. DePaola that his claim for LTD benefits had been approved for a closed period through July 31, 2014 with a disability commencement date of January 6, 2014.

30. The September 26, 2014 letter from Sun Life indicated that benefits would not be payable beyond July 31, 2014 because Sun Life's "medical consultant opined based on all of the medical documentation Mr. Depaola would be capable of returning to his usual activities as of August 1, 2014."

### III. The Disability Claim – Termination and First Appeal

31. The allegations contained in paragraphs 1 through 30 are incorporated herein by reference as if fully set forth herein.

32. On March 16, 2015, Mr. DePaola filed an appeal of Sun Life's June 26, 2014 decision to terminate his LTD benefits as of July 31, 2014.

33. In his appeal, Mr. DePaola alleged that Sun Life acted arbitrarily and capriciously based on the medical evidence related to his comorbid medical conditions, including ulcerative colitis, superior mesenteric artery aneurysm, blood clots in both legs, blood clots in both lungs, inflammatory arthritis, herniated discs and post pulmonary emboli.

34. Furthermore, Mr. DePaola alleged that he remained disabled as a result of his multiple medical conditions, and entitled to a continuance of LTD benefits beyond July 31, 2014, and Sun Life failed to conduct an Independent Medical Examination ("IME") or Functional Capacity Evaluation ("FCE") of Mr. DePaola as part of its review of Mr. DePaola's medical condition and associated impairments.

35. By letter dated July 8, 2015, Mr. DePaola was informed that Sun Life upheld its decision to terminate his LTD benefits effective July 31, 2014.

## COUNT 1 – FIRST CAUSE OF ACTION

## [FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132 (a)(1)(B)]

36. The allegations contained in paragraphs 1 through 35 are incorporated herein as by reference as if fully set forth herein.

37. An actual controversy exists between Mr. DePaola and Defendants arising out of the events alleged herein. Mr. DePaola contends that Defendants had no reasonable medical or legal basis for terminating Mr. DePaola's LTD benefits, which have been wrongfully withheld.

38. Mr. DePaola contends that the termination of his LTD benefits is a breach of the Group Plan; that the practices of Defendants should be estopped on the basis of equity; that the practices of Defendants fail to satisfy the minimum requirements of ERISA; and, that the Defendants practices are barred as a matter of law.

39. As a direct result of the Defendants' violations of ERISA and wrongful denial of benefits, Mr. DePaola was wrongfully deprived of ancillary benefits based upon his employment with the defendant, BGB, including but not limited to, employee life, medical and dental insurance, which he is entitled to retroactively recover and seeks herein.

40. Mr. DePaola contends that Defendants denied him a "full and fair" review of all of his records submitted by failing to consider information that was directly related to his LTD claim; minimized and/or failed to review or consider the findings of his treatment providers, while simultaneously attaching greater weight to the cursory opinions of Defendants' medical consultants.

41. Mr. DePaola contends that the decision to terminate his benefits and deny his appeal for LTD benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely

contrary to the evidence, and contrary to the terms of the policies and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION

### [FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132 (a)(1)(B)]

42. The allegations contained in paragraphs 1 through 41 are incorporated by reference herein as by reference as if fully set forth herein.

43. Sun Life wrongfully terminated Mr. DePaola's disability benefits based on an unfair, incomplete, arbitrary and capricious review of Mr. DePaola's medical records and information, and the insufficient and inaccurate reports of its own reviewers.

44. Mr. DePaola contends that in terminating his benefits, Sun Life completely failed to address or explain the symptomatology Mr. DePaola suffered from, and the effect that such disabling conditions had on his ability to work as a Finance Director.

45. Mr. DePaola contends that in terminating his benefits, Sun Life disregarded the substantial evidence, including the medical records and other medical reports.

46. As a direct result of Sun Life's violations of ERISA and wrongful denial of benefits, Mr. DePaola has wrongfully been deprived of ancillary benefits based upon his employment with the defendant, BGB, including but not limited to, employee life, medical and dental insurance, which he is entitled to retroactively recover and seeks herein.

47. Mr. DePaola satisfied all conditions precedent under the Group Plan and is thus, eligible to receive LTD benefits.

48. Mr. DePaola seeks reimbursement and compensation for any and all benefits he would have received from August 1, 2014 to the present date.

49. Defendants breached the obligations set forth in the Group Plan and the obligations set forth by ERISA to provide Mr. DePaola benefits under the Group Plan.

50. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to pay benefits to Mr. DePaola, he has been damaged in an amount equal to the amount of benefits to which he is entitled to under the terms of the Group Plan.

## COUNT III – THIRD CAUSE OF ACTION

## [FOR BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. §§ 1104, 1105, 1109, AND 1132(A)]:

51. Paragraphs 1 through 50 are incorporated herein by references as if fully set forth at length.

52. Sun Life is acting as both the Administrator and Fiduciary of the Group LTD Plan. Sun Life is a fiduciary within the meaning of 29 U.S.C. § 1102 (21)(a) and is subject to the duties and liabilities set forth in 29 U.S.C. §§ 1104, 1105, and 1109.

53. Defendants represented to Mr. DePaola that benefits would be paid if he met the terms and conditions of the Group LTD plan, but Defendants failed to fulfill their obligation to discharge their duties solely in the interest of plan participants, such as Mr. DePaola.

54. Defendants breached their fiduciary duties by failing to properly review the medical documents provided and interpret the reports prepared by Mr. DePaola's treatment providers, which supported his entitlement to LTD benefits.

55. As alleged herein and in the allegations above, Defendants negligently, wantonly, arbitrarily, capriciously, and/or intentionally breached their fiduciary duties and obligations by interfering with Mr. DePaola's right to receive benefits under the group plan.

56. Defendants breached their fiduciary duties and obligations in the following respects:

    a. Failing to authorize benefit payments to Mr. DePaola at a time when Defendants knew he was entitled to said benefits under the terms of the group plans;

    b. Unreasonably, arbitrarily and capriciously withholding benefit payments from Mr. DePaola while knowing his claims for benefits were valid;

    c. Acting in their own business and financial interests instead of those of the group plans and its participants;

    d. Failing to discharge their respective duties in accordance with the documents and instruments governing the group plan;

57. Defendants continue to breach their fiduciary responsibilities, obligations and duties as alleged above.

## **Prayer for Relief**

  **WHEREFORE**, Plaintiff Mr. DePaola prays for judgment as follows:

A. On Count I:

  1. Defendants are hereinafter estopped from wrongfully denying Mr. DePaola's benefits under the Group Plan without legal basis to do so;

  2. Defendants are hereinafter estopped from denying Mr. DePaola's benefits as the denial of such benefits is a breach of the Group Plan;

  3. Defendants are hereinafter estopped on the basis of equity from continuing to deny disability benefits, wrongfully withheld from Mr. DePaola;

  4. Defendants are hereinafter estopped from wrongfully denying benefits to Mr. DePaola contrary to clear, compelling and substantial medical and functional evidence.

  5. Mr. DePaola requests payment of reasonable attorney fees, costs and interest.

  6. Mr. DePaola requests such other and further relief as the Court deems appropriate.

B. On Count II:

  1. Mr. DePaola requests a declaration of Mr. DePaola's right to benefits (past, present and future) under the terms of the Group Plan;

  2. Payment of all past benefits due to Mr. DePaola under the terms of the Plan, with an award of pre-judgment interest;

  3. Payment of reasonable attorney fees, costs and interest.

  4. For such other and further relief as the Court deems appropriate.

C. On Count III:

1. Mr. DePaola prays for a declaration of Defendants' noncompliance with the terms of the Group LTD Plan;

2. Declaration of Defendants' arbitrary and capricious denial of disability benefits;

3. Declaration of Defendants' noncompliance with the minimum requirements of ERISA;

4. Declaration of Defendants' breach of their fiduciary duties under ERISA; and

5. An injunction barring Defendants from engaging in any further prohibited action under ERISA against Mr. DePaola.

6. Mr. DePaola requests payment of reasonable attorney fees, costs and interest.

7. Mr. DePaola requests such other and further relief as the Court deems appropriate.

          **MARK F. SELTZER & ASSOCIATES**

**BY:** s/ Benjamin D. Krone
**BENJAMIN D. KRONE, ESQUIRE**
1515 Market Street; Suite 1100
Philadelphia, PA 19107
P: (215) 735-4222
F: (215) 735-4225
*Attorney for Plaintiff*
*Mr. Steven DePaola*